Charles W. **WEBSTER,** and Betty H. **Webster, Plaintiffs,**

v.

UNITED STATES, INTERNAL REVE-NUE SERVICE, DEPARTMENT OF THE TREASURY, **Defendant.**

No. 3:93–0697.

United States District Court, M.D. Tennessee.

Sept. 26, 1994.

---

Richard Dance, Dance, Dance & Lane, Nashville, TN, for plaintiffs.

Shannon L. Hough, Dept. of Justice, Washington, DC, for defendant.

### MEMORANDUM

JOHN T. NIXON, Chief Judge.

This is a civil action commenced by the plaintiffs, Charles W. Webster and his wife, Betty H. Webster, on August 25, 1993, against the defendant, the United States Internal Revenue Service Department of the Treasury (IRS) to recover taxes collected by the IRS in alleged violation of 26 U.S.C. § 105(c). Plaintiffs seek a judgment for the return of a total of $10,005.00, in improperly collected taxes, plus interest and the costs of this case. It is the position of the defendant that the amount collected was proper and not excludable from taxable income.

This case was tried by the Court, without a jury, on September 6, 1994. Based upon the evidence presented at trial and the complete record in the case, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, Charles W. Webster, had long been employed with Avco Aerostructures (now Textron) when he was totally and permanently disabled as a result of an automobile accident that was not work-related. The disability existed during the taxable calendar years of 1988, 1989, and 1990, for which plaintiff seeks a refund in the base amounts of $1,500.00, $4,316.00, and $4,189.00, respectively.

Under the accident and health plan that Avco Aerostructures (Avco) provided for its employees, it made allowance for *inter alia,* long term disability benefits for those employees who became totally and permanently disabled. Those benefits were to start after the employee had been totally and permanently disabled for six months and were to continue until the employee is sixty-five years old (65) or for five (5) years whichever is the longer term.

After Mr. Webster's automobile accident, Avco's insurer, Paul Revere Insurance Company (a subsidiary of Avco) and the IRS declared Mr. Webster totally and permanently disabled. Upon attending a benefits class for senior citizens, plaintiffs discovered that disability payments were excludable from taxable income for those who were totally and permanently disabled. Thereafter, plaintiffs sought to exclude their disability payments from their taxable income. However, defendant, the IRS, demanded that disability benefits provided by employer (Avco) be included in plaintiff's taxable income for the years in question and that plaintiffs be required to pay taxes on said income.

### CONCLUSIONS OF LAW

The sole dispositive issue before this Court is whether the long term disability payments made by Paul Revere Insurance Company pursuant to the insurance plan furnished Mr. Webster by his employer Avco, were excludable from gross income as provided by 26 U.S.C. 105(c). It is the position of the defendant that to exclude benefits under the Internal Revenue Code, the plaintiffs must show that the amount of disability payments is computed with reference to the nature of the injury without regard to the period the employee is absent from work. *See Beisler v. Commissioner,* 814 F.2d 1304, 1306 (9th Cir. 1987). Defendant further contends that the disability payments received by Mr. Webster were not computed with reference to the nature of the injury but were contingent on the period the taxpayer was absent from work.

Based upon the evidence in the record, which includes the general provisions of the "Long Term Disability Income Benefits" Plan for salaried employees of Avco, the Court finds that the disability payments received by Mr. Weber were based upon a percentage of Mr. Webster's salary to replace his loss of regular income, and were not computed based on the nature of his injury

without regard to the period he was absent from work. Therefore, the disability payments received by Mr. Weber were properly taxable as income.

## CONCLUSION

For the reasons set forth above, the Court rules that An Order consistent with this Memorandum is filed herewith. Entered this the 26th day of September, 1994.

## ORDER

In accordance with the reasoning set forth in the contemporaneously entered Memorandum, the Court hereby enters judgment in favor of the IRS by ruling that with regard to disability payments, the amount of taxes collected by the IRS for the years in question (1988, 1989, and 1990) was correct due to the fact that the disability payments received by Mr. Webster were not computed with reference to the nature of the injury but were contingent on the period the he was absent from work. Therefore, this action is hereby dismissed.